Avi Burkwitz, Esq., Bar No.: 217225
aburkwitz@pbbgbs.com
Gil Y. Burkwitz, Esq., Bar No.: 289337
gburkwitz@pbbgbs.com
David Zeetser, Esq., Bar No.: 337210
dzeetser@pbbgbs.com
**PETERSON, BRADFORD, BURKWITZ**
**GREGORIO, BURKWITZ & SU, LLP**
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

Attorneys for Defendant,
COUNTY OF LOS ANGELES (erroneously sued as "Los Angeles County")

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANDREW PEREZ,<br><br>                      Plaintiff,<br><br>       vs.<br><br>COUNTY OF LOS ANGELES,<br><br>                      Defendants. | Case No.: 2:22-cv-08643-ODW-PLA<br>Assigned to the Honorable:  Otis D. Wright II<br><br>**DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with and (Proposed) Order]*<br><br>Date: January 23, 2023<br>Time: 1:30 pm<br>Dept:  5D<br><br>Complaint Filed: June 13, 2022<br>Amendment Filed: October 5, 2022<br>POS Filed: October 31, 2022 |

PETERSON, BRADFORD, BURKWITZ,
GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

PETERSON, BRADFORD, BURKWITZ,
GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 23, 2023, at 1:30 pm in Courtroom 5B of the United States District Court, Central District of California, located at 350 W. First Street, Los Angeles, CA 90012, Defendant, COUNTY OF LOS ANGELES (erroneously sued as "Los Angeles County") (hereinafter referred to as "Defendant" or the "County") will, and hereby do, move this Court for an order to dismiss, with prejudice, against Plaintiff, Joseph Andrew Perez's ("Plaintiff") complaint, in its entirety, pursuant to *Federal Rules of Civil Procedure*, Rule 12(b)(6) and corresponding law.

The County's Motion is brought on the following grounds: Plaintiff's cause of action against the County fails to state claim upon which relief can be granted against these individual defendants.

Although Plaintiff appears to be incarcerated based on the information contained within the pleadings, Defendant has complied with Central District Local Rule 7-3, prior to bringing forth the instant motion. On November 28, 2022, Defense Counsel mailed a formal correspondence/letter to Plaintiff and his Guardian Ad Litem (GAL) setting forth the basis for the County's anticipated Motion to Dismiss.

Essentially, Defense Counsel informed Plaintiff that his action failed to state any claim for relief against the County and that the action could not be maintained by a GAL. To date, Plaintiff, or his state appointed Guardian Ad Litem, has not responded to Defense Counsel's meet and confer correspondence. Accordingly, the County must now proceed with this formal motion to preserve its rights.

///
///
///
///
///
///

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
2:22-cv-08643-ODW-PLA

1    The County's Motion to Dismiss is based on this notice, the court file, the
2  attached memorandum of points and authorities, and any other matter the Court may
3  judicially notice at the time for hearing and/or oral arguments.

5    DATED:  December 22, 2022          **PETERSON, BRADFORD,**
                                        **BURKWITZ, GREGORIO,**
6                                       **BURKWITZ & SU**

8                                       By:  _David B. Zeetser_
9                                            Avi Burkwitz, Esq.
10                                           Gil Y. Burkwitz, Esq.
                                             David B. Zeetser, Esq.
11                                           Attorneys for Defendant,
                                             COUNTY OF LOS ANGELES

PETERSON, BRADFORD, BURKWITZ,
GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

3

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
2:22-cv-08643-ODW-PLA

PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................4

II.     FACTUAL ALLEGATIONS ...............................................5

III.    LEGAL STANDARD ..........................................................6

IV.     PLAINTIFF'S ACTION MUST BE DISMISSED AS A PRO SE LITIGANT
        CANNOT BE REPRESENTED BY A GUARDIAN AD LITEM .................7

V.      PLAINTIFF'S CLAIMS FOR RELIEF FOR VIOLATION OF HIS CIVIL
        RIGHTS PURSUANT TO §1983 FAIL TO STATE A CLAIM AS
        PLAINTIFF FAILS TO ASSERT ANY DEPRIVATION OF A
        CONSTITUTIONAL RIGHT, PLAINTIFF FAILS TO SHOW
        DELIBERATE INDIFFERENCE AGAINST ANY INDIVIDUAL
        DEFENDANT, AND LIABILITY AGAINST A PUBLIC ENTITY
        CANNOT BE PREDICATED ON A THEORY OF RESPONDEAT
        SUPERIOR...........................................................................8

VI.     ANY STATE LAW CLAIM AGAINST THE COUNTY IS BARRED BY
        CALIFORNIA GOVERNMENT IMMUNITIES.........................10

VII.    CONCLUSION .............................................................11

**Cases**

*Monell v. Department of Social Services*,

436 U.S. 658, 690-691 (1978) ................................................................8, 9

*Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) ......................................................................6, 7

*Bahten v. County of Merced*,

59 Cal. App. 3d 101 (1976) ......................................................................11

*Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007) ........................................................................6, 7

*Board of County Commissioners v. Brown*,

520 US 397, 403 (1997) ..............................................................................9

*Cheung v. Youth Orchestra Found. of Buffalo, Inc.*,

906 F.2d 59, 61–62 (2d Cir.1990) ..............................................................8

*City of Canton, Ohio v. Harris*,

489 U.S. 378, 385 (1989) ............................................................................8

*City of Oklahoma City v. Tuttle*,

471 U.S. 808 (1985) ....................................................................................9

*City of Stockton v. Superior Court,*

42 Cal.4th 730,737-38 (2007) ....................................................................11

*Erdman v. Cochise County*,

926 F.2d 877, 882 (9th Cir.1991) ...............................................................9

PETERSON, BRADFORD, BURKWITZ,
GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

II

*Jacob B. v. County of Shasta,*

    40 Cal.4th 948, 961 (2007) ................................................................. 10

*Johns v. Cnty. of San Diego,*

    114 F.3d 874, 876–77 (9th Cir. 1997) ................................................. 8

*Krolikowski v. San Diego City Employees' Retirement System,*

    24 Cal.App.5th 537, 556-57 (2018) ................................................... 10

*Los Angeles Police Protective League v. Gates,*

    907 F. 2d 879, 890 (9th Cir. 1990) ...................................................... 9

*Meeker v. Kercher,*

    782 F.2d 153, 154 (10th Cir.1986) ...................................................... 8

*Nasrawi v. Buck Consultants LLC,*

    231 Cal.App.4th 328, 341-342 (2014) ............................................... 10

*Osei–Afriyie v. Medical College,*

    937 F.2d 876, 882–83 (3d Cir.1991) .................................................. 8

*Sahley v. San Diego County,*

    138 Cal. Rptr. 34, 69 (1977) .............................................................. 10

*Somers v. Apple, Inc.,*

    729 F.3d 953, 959 (9th Cir. 2013) ...................................................... 7

*Sprewell v. Golden State Warriors,*

    266 F.3d 979, 988 (9th Cir. 2001) ...................................................... 7

*Teter v. City of Newport Beach,*

    30 Cal.4th 446, 451-454 (2003) ........................................................ 10

PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

III

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

2:22-cv-08643-ODW-PLA

**Statutes**

42 U.S.C. § 1983 ...........................................................................................4, 8, 9

*California Government Code* § 844.6 ........................................................10

Gov. Code, §§ 911.2(a) ............................................................................11

**Rules**

*Federal Rules of Civil Procedure*, Rule 12(b)(6) .....................................2, 7

PETERSON, BRADFORD, BURKWITZ,
GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
2:22-cv-08643-ODW-PLA

PETERSON, BRADFORD, BURKWITZ,
GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On June 13, 2022, Plaintiff Joseph Andrew Perez (hereinafter "Plaintiff"), in pro per, filed his initial Complaint in this action against several Defendants presumably asserting various allegations of wrongdoing in violations of 42 U.S.C. § 1983 in connection with his arrest and/or incarceration involving Defendant County of Los Angeles ("Defendant" or the "County"). However, the Complaint fails to specifically delineate any specific claims for relief against any particular defendant and it is unclear what claims are brought specifically against the County.

Nonetheless, the *factual* allegations set forth within the complaint merely describe a dissatisfaction with the care and treatment provided to Plaintiff, following a lawful arrest pursuant to probable cause, and is insufficient to support any 1983 claims against Defendant and/or any cognizable constitutional violation of Plaintiff rights.

Furthermore, the County cannot be held liable for 1983 claims based on a theory of respondeat superior, and there are no alleged policies, customs, or practices that can support a Monell theory of liability in this action. Also, it should be noted that to the extent any state law claims are pled against the County, such claims are barred by the relevant governmental immunity.

Additionally, and more importantly, on October 5, 2022, Plaintiff also filed an Application and Order for Appointment of Guardian Ad Litem (GAL), for Vanessa Perez (i.e., Mother), which was granted by the Superior Court. (See Dkt. 1-5.) The granting of the GAL petition serves as a bar to this action, as a GAL may not act as counsel for a pro se litigant.

In sum, Plaintiff's Complaint fails to state any claim for relief against the County and the action should be dismissed.

///

///

## II.   <u>FACTUAL ALLEGATIONS</u>

The factual allegations set forth in Plaintiff's Complaint are essentially as follows:

- On July 25, 2020, Plaintiff alleges that while suffering from a mental crisis, he was arrested in public, where he remained under observation, in custody for 24 hours, until he was released the next evening. (*See* Plaintiff's Complaint Dkt. 1-1, at 4:12-13)

- During this time, it is further alleged that Plaintiff's mother, Vanessa Perez, unaware of her son's whereabouts called the LASD, who indeed affirmed Plaintiff was in custody. Ms. Perez then informed LASD that Plaintiff had suffered from mental illness and requested that he be placed on 5150, however, Deputy Philips denied her request. (*Id.* at 4:13-18)

- On July 26, 2020, Plaintiff alleges that after he was released from custody, still suffering, as he continued to hear voices, talk to himself, and cried. (*Id.* at 4:21)

- Plaintiff alleges that at approximately 2:00 a.m., he entered a neighbor's unlocked car, and while seated inside, he continued to cry and speak to voices loudly; in addition, he was honking his horn loudly for 30 minutes. (*Id.* at 4:20-28)

- Plaintiff further alleges that a 'neighbor' went to see the commotion and managed to de-escalate the situation by speaking with Plaintiff and thereafter, exited the vehicle and sat on the curb expressing frustrations to her. (*Id.*)

- Plaintiff alleges that while he was seated on the curb, LASD arrived, charged him, and aggressively attacked plaintiff, taking turns switching positions punching, kicking, and kneeing him in the face, head and body repeatedly. (*Id.* at 5:1-7)

- Once in custody, Plaintiff alleges that he was denied proper medical care at

PETERSON, BRADFORD, BURKWITZ,
GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

5

the scene, had to wear a spit mask throughout his stay at the hospital, and denied proper treatment and testing as he did not receive CAT/MRI scan. Moreover, Plaintiff alleges that Defendants falsified reports and tainted evidence by placing items on Plaintiff's person. (*Id.* at 5:8-21)

- On or around August 25, 2020, Plaintiff was incarcerated at TTCF, and after two months, he further alleges to have developed a rash as a result of being placed in solitary confinement.

Based on these allegations, Plaintiff generally concludes that LASD arrested him for no apparent reasons, and subsequently, refused medical care and/or delayed treatment despite being informed that he suffered from some pre-existing condition. Nonetheless, Plaintiff fails to allege any specific policies, customs, or practices of Defendants that have caused their harm, which is insufficient to state a claim for relief.

Moreover, Plaintiff improperly plead constitutional violations against individual Defendants and the County. Essentially, Plaintiff alleges claims for relief, but does not provide any factual background to establish any of their claims as to the County, only conclusory allegations, which fails to provide Defendants with the requisite notice of the claims against it.

### III.   <u>LEGAL STANDARD</u>

Under Rule 8, a plaintiff must plead a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 555–56. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that simply offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" will not do. *Id.* at 678 (internal

PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

6

PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

citations, quotations, and alterations omitted).

*Federal Rule of Civil Procedure 12(b)(6)* provides that a party may move to dismiss a claim for relief for its failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, the factual allegations in a complaint "must be enough to raise a right of relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, the court is "not required to accept as true conclusory, unwarranted deductions of fact or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A court may properly dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). In evaluating the plausibility of the complaint, a court must disregard legal conclusions disguised as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). A plaintiff must do more than merely offer "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, a Plaintiff is not "entitled to the assumption of truth" on his pleadings, where his allegations "are no more than conclusions." *Iqbal*, 556 U.S. at 679. As such, a court reviewing a motion to dismiss need not adopt "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." Id. at 678.

Here, as set forth more below, the *factual* allegations contained within Plaintiff's complaint are insufficient to support his claims for relief against the Defendants and should be dismissed.

## IV.   PLAINTIFF'S ACTION MUST BE DISMISSED AS A PRO SE LITIGANT CANNOT BE REPRESENTED BY A GUARDIAN AD LITEM

A non-party appointed as guardian ad litem cannot act in pro per and a guardian (or parent) cannot bring a lawsuit on behalf of a minor (dependent) in federal court without retaining a lawyer. *Johns v. Cnty. of San Diego*, 114 F.3d

7

874, 876–77 (9th Cir. 1997); *Osei–Afriyie v. Medical College*, 937 F.2d 876, 882–83 (3d Cir.1991); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61–62 (2d Cir.1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir.1986)(per curiam).

Here, as there is no counsel of record, this action must be dismissed as Plaintiff is attempting to be represented by a GAL. (See Dkt. 1-4.) Additionally, it should be noted that as the guardian ad litem for Plaintiff, Ms. Perez is not a party to the action and cannot act in pro per.

## V.    PLAINTIFF'S CLAIMS FOR RELIEF FOR VIOLATION OF HIS CIVIL RIGHTS PURSUANT TO §1983 FAIL TO STATE A CLAIM AS PLAINTIFF FAILS TO ASSERT ANY DEPRIVATION OF A CONSTITUTIONAL RIGHT, PLAINTIFF FAILS TO SHOW DELIBERATE INDIFFERENCE AGAINST ANY INDIVIDUAL DEFENDANT, AND LIABILITY AGAINST A PUBLIC ENTITY CANNOT BE PREDICATED ON A THEORY OF RESPONDEAT SUPERIOR.

A public entity cannot be held liable based on vicarious liability for the alleged wrongdoings of its employees for causes of action brought pursuant to 42 U.S.C. § 1983. (*Monell v. Department of Social Services*, 436 U.S. 658, 690-691 (1978); *see also, City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) [holding that it is only when the execution of the government's policy or custom inflicts the injury that the municipality may be held liable under § 1983].) Accordingly, there is no respondeat superior liability for constitutional claims against a municipality. (Id.)

Here, Plaintiff's complaint appears to be predicated upon violations of 42 U.S.C. § 1983. Accordingly, Plaintiff may not rely upon the actions of the County's employees to state a viable cause of action for § 1983. Instead, Plaintiff must plead that there is an existing unconstitutional municipal policy and a causal connection between the unconstitutional policy and the alleged constitutional deprivation in order for a public entity to be exposed to liability. (*See, City of Oklahoma City v. Tuttle*, 471

PETERSON, BRADFORD, BURKWITZ,
GREGORIO, BURKWITZ & SU, LLP
100 North First Street. Suite 300
Burbank. California 91502
Telephone 818.562.5800

8

U.S. 808 (1985), reh'g denied (1985) 473 U.S. 925; *Los Angeles Police Protective League v. Gates*, 907 F. 2d 879, 890 (9th Cir. 1990).) Liability does not attach to a municipality merely because a constitutional violation is caused by a municipal employee, even one acting within the scope of his or her authority. (*Monell, supra*, 436 U.S. at 663.) "Instead, in Monell and subsequent cases, we have required a Plaintiff seeking to impose liability on a municipality under section 1983 to identify a municipal 'policy' or 'custom' that caused Plaintiff's injury." (*Board of County Commissioners v. Brown*, 520 US 397, 403 (1997).) "That a Plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the Plaintiff will simply have shown that the employee acted culpably." (Id. at 406.) Moreover, "an isolated incident caused by simple negligence" does not give rise to liability under §1983. (*Erdman v. Cochise County*, 926 F.2d 877, 882 (9th Cir.1991).)

Here, Plaintiff has failed to allege any policy, custom, or practice that caused their injuries. Instead, Plaintiff conclusory alleges that LASD deputies performed an arrest in public pursuant to probable cause.  These allegations, taken alone, preclude any municipality or public entity liability as 1983 claims against the County cannot based on vicarious liability. (*Monell, supra*, 436 U.S. at 663.) As a result, Plaintiffs' claims against the County must be dismissed.

Additionally, Plaintiffs remaining conclusory allegations would not support any basis for relief against the County. In fact, Plaintiff was arrested for burglary, and resisted, which led to him being Tased. Moreover, what is not alleged is that Plaintiff was minimally cooperative at the Hospital, and the root cause for his inability to receive adequate care and treatment that was only attempted to be offered.

In sum, Plaintiffs have not alleged any purported wrongdoing on behalf of the County and the complaint dismissed in its entirety.

///

///

PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

9

## VI.    ANY STATE LAW CLAIM AGAINST THE COUNTY IS BARRED BY CALIFORNIA GOVERNMENT IMMUNITIES

*California Government Code* § 844.6 govern provides that "a public entity is not liable for . . . [a]n injury to any prisoner" except as provided in specific enumerated sections. California courts have accordingly denied claims made by pretrial detainees seeking redress for their conditions of confinement on the basis that the County was immune to claims made by prisoners. See, e.g., *Sahley v. San Diego County*, 138 Cal. Rptr. 34, 69 (1977) (where pre-conviction detainee had been booked and arraigned and was awaiting trial, he was a "prisoner," and was therefore not entitled to recover from County for injuries suffered when he slipped and fell in the shower at the County jail). ." A person under arrest becomes a "prisoner" upon their initial entry into a law enforcement facility for booking. Cal. *Govt. Code* §§ 844, 844.6; *see Teter v. City of Newport Beach,* 30 Cal.4th 446, 451-454 (2003)  —person arrested and jailed for public intoxication was "prisoner" even though subsequently released without charges.

Furthermore, it is irrelevant what claims Plaintiff has attempted to advance in this action. *Government Claims Act* immunities has repeatedly been held to apply to any alleged constitutional violation. See *Jacob B. v. County of Shasta,* 40 Cal.4th 948, 961 (2007) [holding that a cause of action based on Article I, section 1's right to privacy is subject to the litigation privilege]; *Nasrawi v. Buck Consultants LLC,* 231 Cal.App.4th 328, 341-342 (2014) holds that where a provision of the state constitution imposes a duty on a public entity, that duty is subject to *Government Claims Act* immunities (e.g., GC 820.2);  *Krolikowski v. San Diego City Employees' Retirement System*, 24 Cal.App.5th 537, 556-57 (2018)— Agreeing with *Nasrawi, Richardson-Tunnell v. Schools Ins. Program for Employees* ( 157 Cal.App.4th 1056, 1066, (2007) disapproved on other grounds in *Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal. 5th 798 — statutory immunities apply to cause of action for damages based on constitutional right to privacy.

PETERSON, BRADFORD, BURKWITZ,
GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

2:22-cv-08643-ODW-PLA

Additionally, no claim for damages may be brought against the County unless there is timely compliance with the Government Claims Act, which also must be set forth in the operative pleading. Gov. Code, §§ 911.2(a), 912.4, 945.4; *Bahten v. County of Merced*, 59 Cal. App. 3d 101 (1976)); *City of Stockton v. Superior Court,* 42 Cal.4th 730,737-38 (2007)

In sum, Defendant County is statutorily immune to all state law claims brought by Plaintiff (aside from a potential claim under §845.6), pursuant to *California Government Code* § 844.6. Further, there is no evidence that Plaintiff timely complied with the government claims act. Accordingly, Plaintiff's complaint should be dismissed, with prejudice, as to the County.

## VII.   <u>CONCLUSION</u>

Based on the foregoing, Defendant respectfully request this Court to dismiss Plaintiff's entire action as he has failed to allege sufficient facts to support any potential claim for relief.

DATED:  December 22, 2022

**PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU**

By: *David B. Zeetser*
_____
Avi Burkwitz, Esq.
Gil Y. Burkwitz, Esq.
David B. Zeetser, Esq.
Defendant,
COUNTY OF LOS ANGELES

PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

11

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
2:22-cv-08643-ODW-PLA

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On December 22, 2022, I served the foregoing document described as: **DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES** on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows**:**

## SEE ATTACHED MAILING LIST

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐ **BY MAIL:** I deposited such envelope in the mail at Burbank, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Burbank, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY ELECTRONIC MAIL:** I served the enclosed via e-mail transmission to each of the parties listed on the attached service list with an email address.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on December 22, 2020, at Burbank, California.

Executed on December 22, 2022, at Burbank, California.

*Jackie Landaverde*
Jacqueline Landaverde

PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP
100 North First Street. Suite 300
Burbank. California 91502
Telephone 818.562.5800

12

## SERVICE LIST

**RE:**    **Perez, Joseph Andrew v. County of Los Angeles, et al.**

        **Case**        **2:22-cv-08643-ODW-PLA**
        **No.:**


Joseph Andrew Perez
Inmate No. 5998967
Terminal Annex
P.O. Box 86164
Los Angeles CA, 90086
**Plaintiff,**
**PRO SE LITIGANT**


Vanessa Perez
Guardian Ad Litem
3716 Colorado St., West Covina
CA 91792
T: 626-759-5709
F: TBD

**Guardian Ad Litem for Plaintiff,**
**PRO SE LITIGANT**

PETERSON, BRADFORD, BURKWITZ, GREGORIO, BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

13

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS

2:22-cv-08643-ODW-PLA