# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH ANDREW PEREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>　　　　　Defendants. | No. CV 22-8643-ODW (PLA)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　　This Report and Recommendation is submitted to the Honorable Otis D. Wright, II, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons discussed below, the Magistrate Judge recommends that defendant's Motion to Dismiss (ECF No. 12) be granted pursuant to Local Rule 7-12 (failure to oppose a motion), and the Complaint be dismissed with prejudice for that reason, as well as for failure to prosecute and follow court orders, and for failure to inform the Court of a change of address.

/

/

/

/

## I.

## **BACKGROUND**

Plaintiff, a state prisoner incarcerated at that time at the Los Angeles County Jail, Twin Towers, in Los Angeles, California ("LAC Jail"), filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on June 13, 2022, in the Los Angeles County Superior Court. (ECF No. 1-2). His request to waive court fees in the Superior Court action was granted on June 13, 2022. (ECF No. 1-7 at 4). On October 5, 2022, the Los Angeles County Superior Court appointed plaintiff's mother, Vanessa Perez, as guardian ad litem, on behalf of plaintiff.[1] (ECF No. 1-7). On November 28, 2022, the action was removed by defendant Los Angeles County to this Court. (ECF No. 1). Plaintiff's address of record in this action is the LAC Jail.

On November 30, 2022, the Court issued its Order Re: Civil Rights Case, informing plaintiff, among other things, that the Court was screening the Complaint.[2] (ECF No. 5). On December 2, 2022, the Court issued an Order requiring defendant Los Angeles County to file a responsive pleading to the Complaint no later than December 23, 2022. (ECF No. 6).

On December 5, 2022, the Court's November 30, 2022, Order re: Civil Rights Case sent to plaintiff's *address of record*, i.e., the LAC Jail, was returned to the Court as undeliverable, with an indication that plaintiff was "Released." (ECF No. 7). On December 15, 2022, the December 2, 2022, Order sent to plaintiff's *address of record* was returned to the Court as undeliverable, also indicating that plaintiff was "Released." (ECF No. 9).

On December 20, 2022, the Court issued an Order noting that the documents sent to plaintiff's *address of record* had been returned to the Court, and that the Court "will continue to

---

[1] The Court's records reflect that plaintiff's guardian ad litem spoke to the Court clerk on January 23, 2023, and mentioned that defendant had used the *guardian ad litem's* incorrect address on some of the earlier documents submitted by defendant; she informed the Court clerk that her correct address was listed on the state court documents filed by plaintiff and/or the guardian ad litem. (Compare ECF No. 1 at 7 with ECF No. 1-3 at 1). The Court's records reflect that throughout this action, the Court has sent all mail to the guardian ad litem's correct address.

[2] Court records reflect that the Order Re: Civil Rights Case was mailed to plaintiff's address of record, as well as to the correct address of his guardian ad litem.

2

mail documents to plaintiff's address of record, as well as to his guardian ad litem," at her West Covina address.³ (ECF No. 10). The Court advised plaintiff that "should he not receive documents from the Court or from defendant because he has not provided the Court with a current address, and the failure to receive any such document results in him not responding to motions, orders, or the like, that failure to respond could result in adverse consequences in this action, including dismissal of the case." (Id.).

On December 23, 2022, defendant filed its Motion to Dismiss ("MTD"), alleging, among other things, that plaintiff's claims for relief for violation of his civil rights pursuant to 42 U.S.C. § 1983 failed to state a claim, and that his state law claim against the County is barred by California government immunities.⁴ (ECF No. 12). On December 27, 2022, the Court issued an Order informing plaintiff that his opposition to the MTD must be filed no later than January 26, 2023.⁵ (ECF No. 14). The Court also informed plaintiff that "**failure to oppose a motion to dismiss may be construed as consent to the granting of the motion, and may result in dismissal of the action. Local Rule 7-12**." (Id. (emphasis in original)).

The Court Orders issued on December 20, 2022, December 27, 2022, and mailed to plaintiff's *address of record*, were returned to the Court on December 30, 2022, and January 13, 2023, respectively, indicating plaintiff was "released." (ECF Nos. 15, 16, 17). As of the date of this Report and Recommendation, none of the documents mailed to the address of plaintiff's guardian ad litem has been returned to the Court as undeliverable. The Court assumes, therefore, that the mail sent by the Court to plaintiff's guardian ad litem has been received at that address.

/

/

---

³ Court records reflect that the December 20, 2022, Order (ECF No. 10) was mailed to plaintiff's address of record, as well as to the correct address of his guardian ad litem.

⁴ Defendant's proof of service reflects that the MTD was served on plaintiff at his address of record, as well as to the correct address of his guardian ad litem.

⁵ Court records reflect that the December 27, 2022, Order was mailed to plaintiff's address of record, as well as to the correct address of his guardian ad litem.

## II.

## DISCUSSION

### A. PLAINTIFF'S FAILURE TO OPPOSE DEFENDANT'S MOTION TO DISMISS

It is well settled that failure to follow a district court's local rules is a proper ground for dismissal. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under a local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion) (citing United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979)); Holt v. I.R.S., 231 F. App'x 557, at *1 (9th Cir. 2007).

Notwithstanding the Court's warning as to the consequences (ECF No. 12), as of the date of this Report and Recommendation plaintiff has not filed an Opposition to the MTD, has not sought an extension of time in which to file his Opposition, and has not filed any objection or response to the Court's December 27, 2022, Order, and the time to do so has expired. Indeed, plaintiff has never communicated with this Court during the entire pendency of the action in this Court.

Plaintiff's failure to oppose defendant's MTD is in effect a concession that his claims lack merit and, therefore, the Court deems plaintiff's failure to file an Opposition to the MTD as consent to the granting of the MTD for all of the reasons stated therein.

### B. FAILURE TO PROSECUTE AND TO FOLLOW COURT ORDERS

It is also well established that a district court has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

Plaintiff's failure to oppose defendant's MTD, or to otherwise communicate with the Court since November 28, 2022, demonstrates to the Court that the action is also subject to dismissal

for failure to prosecute and to follow court orders.

C. ANALYSIS

Before dismissing an action for failure to follow a district court's local rules, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Ghazali, 46 F.3d at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). These same factors are considered in determining whether to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Plaintiff's failure to file an Opposition to the MTD, or to communicate with this Court at any time since November 28, 2022, hinders the Court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, it is plaintiff's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942

F.2d 648, 652 (9th Cir. 1991). On December 27, 2022, the Court informed plaintiff that he must file an Opposition to the MTD no later than January 26, 2023, and that failure to file a timely Opposition may be construed as consent to the granting of the Motion. (ECF No. 14). By failing to timely file an Opposition to the Motion as ordered by the Court, or to otherwise communicate with the Court, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with the Local Rules of the Court, or with court orders.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Court attempted to avoid dismissal when it issued the December 27, 2022, Order, informing plaintiff of his deadline for filing an Opposition to the MTD and the consequences if he failed to do so. Nonetheless, as of the date of this Order, plaintiff has failed to file an Opposition as required by the December 27, 2022, Order, or otherwise respond to that Order.

Taking all of the above factors into account, defendant's MTD should be granted pursuant to Local Rule 7-12, and the action dismissed with prejudice as to all defendants for failure to prosecute and to follow court orders. Such a dismissal, however, should not be entered unless plaintiff has been notified that dismissal is imminent. See W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, plaintiff was cautioned about the possibility of dismissal in the Court's December 27, 2022, Order, and will be afforded further notice by service of this Report and Recommendation.

D.  **FAILURE TO INFORM COURT OF ADDRESS CHANGE**

Plaintiff's failure to inform the Court of his current address in and of itself warrants dismissal. Local Rule 41-6 states:

> A party proceeding *pro se* shall keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

The Court's November 30, 2022, Order re: Civil Rights Case, also informed plaintiff that

"[d]uring the pendency of the action, *plaintiff* must notify the court immediately if his or her address changes and must provide the Court with the new address and its effective date." (ECF No. 5 (emphasis added)). Plaintiff was also warned that "**[a]ny failure by plaintiff to comply with a Court order where plaintiff did not receive the order due to failure to inform the Court of plaintiff's current address may result in the action being dismissed for failure to prosecute**." (Id. (emphasis in original) (citations omitted)).

On December 5, 2022, December 15, 2022, December 30, 2022, and January 13, 2023, the various Orders issued by this Court and sent to plaintiff at his *address of record* were returned as undeliverable, seemingly due to plaintiff's release from incarceration. While the same documents mailed to plaintiff's guardian ad litem have *not* been returned as undeliverable, it is *plaintiff's* obligation to apprise the Court of a current address. In fact, plaintiff has not had any contact with the Court in this action at any time since November 28, 2022, when the action was removed to this Court. Accordingly, plaintiff's case is also subject to dismissal for failure to comply with Local Rule 41-6.

### III.
### RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Judge issue an Order: (1) approving and accepting this Report and Recommendation; and (2) directing that Judgment be entered dismissing this action with prejudice pursuant to Local Rule 7-12, and for failure to prosecute and to follow court orders, and for failure to inform the Court of his current address pursuant to Local Rule 41-6.

DATED: February 8, 2023

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to file Objections as provided in the Local Rules Governing Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.